NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMEL ANTHONY CARLTON, | Civil Action No. 19-13357(RMB) |
| Petitioner | |
| v. | OPINION |
| WARDEN DAVID KELSEY, | |
| Respondent | |

**BUMB,** United States District Court

Petitioner Jamel Anthony Carlton is a pretrial detainee confined in the Atlantic County Justice Facility. Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241, arguing that his speedy trial rights have been violated because he has been incarcerated fifteen months without preliminary proceedings and he was denied the opportunity to attend the grand jury hearing. (Pet., ECF No. 1 at 10).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons

discussed below, the Court will dismiss the § 2241 petition for lack of jurisdiction.

I.   THE PETITION

Petitioner is a pretrial detainee confined in Atlantic County Justice Facility for fifteen months. He asserts violation of his right to a speedy trial and seeks relief of proceeding to trial or immediate release. (Pet., ECF No. 1, ¶15.)

II.  DISCUSSION

Although federal courts have "pre-trial" habeas corpus jurisdiction, courts should not exercise that jurisdiction at the pre-trial stage absent exhaustion of state court remedies, unless extraordinary circumstances are present. Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

Petitioner has not shown that he has exhausted his state court remedies with respect to his demand for a speedy trial. There is nothing in the nature of the speedy trial right to "qualify it as a per se 'extraordinary circumstance.'" Id. at 446. In the ordinary case, district courts require exhaustion of state remedies for speedy trial claims "prior to federal habeas corpus availability." Id. at 447.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the § 2241 petition for lack of jurisdiction because Petitioner did not exhaust his speedy trial claim in the state courts.

Date:  July 15, 2019

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**